FILED'08 NOV 05 10:30USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBRA A. LEITNER,                )
                                 )
        Plaintiff                )   Civil No. 07-1500-CL
                                 )
    v.                           )   OPINION AND
                                 )   ORDER
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
        Defendant.               )

DAVID B. LOWRY
9900 S.W. Greenburg Road, Suite 235
Portland, OR 97223

    Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

RICHARD M. RODRIGUEZ
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

Clarke, Magistrate Judge:

Plaintiff Debra Leitner ("Leitner") seeks judicial review of the Social Security Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. § 405(g). All parties have consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) (#4).

For the following reasons, the Commissioner's decision is AFFIRMED and the case is dismissed.

## PROCEDURAL BACKGROUND

Born in 1955, Leitner completed a general equivalency degree. Tr. 61, 70.[1] Between 1989 and 2003 Leitner worked as a truck driver, traffic flagger, hazardous materials clean-up worker, shuttle driver, and agricultural worker. Tr. 82.

Leitner alleges disability since October 21, 2003, due to fibromyalgia, neck pain, back pain, and hand numbness. Tr. 61, 64. The Commissioner denied Leitner's application initially and upon reconsideration. Tr. 46-49, 51-55. A hearing was held before an Administrative Law Judge ("ALJ") on January 24, 2007. Tr. 270-304. On March 6, 2007, the ALJ issued a decision finding Leitner not disabled. Tr. 17-25. The Appeals Council denied Leitner's request for reconsideration and the ALJ's decision became final on August 11, 2007. Tr. 5-7.

## DISABILITY ANALYSIS

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer (Docket #11).

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment medically meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). This evaluation includes assessment of the claimant's statements regarding her impairments. 20 C.F.R. § 404.1545(a)(3). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 404.1520(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work

3 - OPINION AND ORDER

existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f). If the claimant cannot perform such work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

Leitner challenges the ALJ's evaluation of Leitner's testimony, her RFC, and the ALJ's conclusion at step four that Leitner could perform her past relevant work.

## THE ALJ'S FINDINGS

The ALJ found Leitner's degenerative disc disease of the cervical and lumbar spine, fibromyalgia, and right wrist neuropathy "severe" impairments at step two in the sequential proceedings. Tr. 15. At step three, the ALJ found that Leitner's impairments did not medically meet or equal a listed impairment. Tr. 16. The ALJ found that Leitner has the RFC to perform a modified range of light work. The ALJ specified that light work "generally requires the ability to walk and stand for six hour each during a normal workday" as well as "occasional" sitting, and the ability to lift up to 20 pounds occasionally and 10 pounds frequently. Tr. 21. The ALJ also found that Leitner may occasionally crouch, crawl, climb ramps and stairs and engage in overhead reaching. *Id.* The ALJ precluded Leitner from constant gross manipulation with her dominant right hand and frequent pushing or pulling with her right wrist, and stated that she should not climb ladders, ropes, or scaffolds. *Id.*

4 - OPINION AND ORDER

At step four, the ALJ found that this RFC allowed Leitner to perform her past relevant work as a cashier, driver, and flagger. Tr. 24. The ALJ therefore found Leitner not disabled. Tr. 24-25.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Leitner contends that the ALJ failed to order a consultative examination at step two in the sequential proceedings, inappropriately evaluated her credibility, inappropriately evaluated her RFC, and made an erroneous finding that she was not disabled at step four.

### I.   The ALJ's Step Two Determination

Leitner contends that the ALJ failed to develop the record at step two regarding her depression and anxiety. Pl.'s Opening Br. 14.

The claimant retains the burdens of production and persuasion at step two in the sequential proceedings. *Yuckert*, 482 U.S. at 146 n5; *Tackett*, 180 F.3d at 1098. The claimant must therefore

5 - OPINION AND ORDER

provide evidence of a medically determinable impairment at step two. No authority suggests the ALJ must develop the record at step two in the sequential proceedings.

If a claimant shows an impairment at step two, any omission of a second impairment at step two is also inconsequential. At step two, the ALJ determines if the claimant has a "severe" impairment. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is "severe" if it "significantly limits your ability to do basic work activities." 20 C.F.R. § 404.1520(c); *see also* 20 C.F.R. § 404.1521. Such an impairment must last, or be expected to last, twelve months. 20 C.F.R. § 404.1509.

The ALJ's analysis at steps four and five must consider all of a claimant's impairments, both severe and non-severe. 20 C.F.R. § 404.1545(a)(2). Because the ALJ proceeded beyond step two in the sequential analysis, the court will consider the effect of the ALJ's alleged error in reviewing the ALJ's subsequent findings at steps four and five. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir 2007) (holding an ALJ's step two omission harmless when the ALJ proceeded beyond step two in the sequential analysis).

For these reasons, Leitner fails to establish reversible error in the ALJ's step two findings.

## II.   Leitner's Credibility

Leitner alleges that the ALJ failed to state "clear and convincing" reasons for finding her not credible. Pl. Opening Br. 20. The ALJ found Leitner's "statements concerning the intensity, persistence, and limiting effects" of her symptoms "not entirely credible." Tr. 23. The ALJ cited Leitner's work history and activities of daily living, including motorcycle riding, gardening, completion of household chores, pet care, and shopping. AR 23-24.

### A.   Credibility Analysis

Once a claimant shows an underlying impairment which may "reasonably be expected to

6 - OPINION AND ORDER

produce pain or other symptoms alleged" the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter,* 504 F.3d at 1036 (citing *Bunnell v. Sullivan,* 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala,* 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins,* 466 F.3d at 883.

## B. Discussion

Leitner now contends that the ALJ's credibility finding erroneously relied upon her "2003-2004" activities, which occurred prior to her October 2003 onset date. Pl.'s Opening Br. 17. Leitner's indicated citation points to a March 2003 physician note which does not reference any activities. Tr. 194. Leitner's challenge to the ALJ's citation to her daily activities makes no other reference to the record.

While a claimant need not "vegetate in a dark room," *Cooper v. Bowen,* 815 F.2d 557, 561 (9th Cir. 1987), the Ninth Circuit also holds that where "the evidence of [a claimant's] daily activities may also admit of an interpretation more favorable to [the claimant]," if the ALJ's interpretation was

7 - OPINION AND ORDER

rational "[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747,0 750 (9th Cir. 1989)).

The record shows that Leitner reported the activities the ALJ cites, including some 2003 work activity, motorcycle riding, dog walking, gardening, and household chores. Tr. 65, 74, 92, 184-85, 194, 242. The record also shows that these activities occurred between January 2001 and May 2006. *Id.* The ALJ thus cited Leitner's activity during the period she claims disability. Leitner's submission that the ALJ cited activities occurring before her alleged onset date fails.

Leitner also cites her October 2006 MRI studies in challenging the ALJ's credibility decision. Pl.'s Opening Br. 17. The ALJ noted these studies. Tr. 23. The ALJ may consider a claimant's medical record in concert with other credibility factors. *Smolen*, 80 F.3d at 1284. This citation was therefore appropriate.

For these reasons, the ALJ's credibility decision is affirmed.

### III.   RFC Assessment and SSR 96-8p

Leitner contends that the ALJ failed to make an appropriate RFC assessment. Leitner bases this submission upon the Social Security Commissioner's Administrative Ruling 96-8p ("SSR 96-8p"). The ALJ evaluates the claimant's RFC between steps three and four of the sequential proceedings. 20 C.F.R. § 404.1545. The ALJ primarily considers the claimant's medical record and the claimant's testimony. 20 C.F.R. § 1545(a)(3). However, the ALJ also considers "all relevant evidence in [the claimant's] case record." 20 C.F.R. § 1545(a)(1).

#### A.   "Regular and Continuing Basis"

Leitner first contends that the ALJ failed to consider her ability to work eight hours per day,

8 - OPINION AND ORDER

five days per week, on a regular and continuing basis. Pl.'s Opening Br. 19-20. SSR 96-8p states that "ordinarily" the ALJ considers a claimant's ability to work eight hours per day, five days per week. SSR 96-8p at *1. Leitner fails to point to any evidence suggesting that the ALJ's RFC finding does not include the ability to work on a regular and continuing basis under SSR 96-8p. This argument is therefore without merit.

### B. ALJ's Review of Medical Evidence

Leitner asserts that the ALJ failed to evaluate "all" medical evidence, specifically evidence related to her headaches and depression. Pl.'s Opening Br. 20. Leitner asserts that this alleged failure is contrary to SSR 96-8p. *Id.*

#### a. Headaches

The ALJ's decision repeatedly noted Leitner's complaints of headaches to her physicians. Tr. 19-20, 22. Furthermore, the ALJ need not "discuss every piece of evidence," so long as his decision is supported by substantial evidence. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Leitner's assertion that the ALJ failed to consider medical evidence regarding her headaches is not based upon the record and is consequently rejected.

#### b. Depression

Leitner also asserts that the ALJ "minimized" her depression. Pl.'s Opening Br. 20. However, Leitner does not point to any mental limitations the ALJ omitted. *Id.* The ALJ noted that Leitner received a diagnosis of major depression, but also noted that Leitner did not attend counseling, has no history of psychiatric hospitalization, and discontinued prescribed antidepressants. Tr. 20-21. The record supports the ALJ's findings. Tr. 165, 242-43. The ALJ's discussion of Leitner's mental health is therefore affirmed.

9 - OPINION AND ORDER

### c.     Examining Physician Dr. Diehl

Leitner claims the ALJ erroneously rejected examining physician Dr. Diehl's opinion. Pl.'s Opening Br. 20. The ALJ stated that he "considered" Dr. Diehl's bending, stooping, squatting, and sitting limitations, but rejected them because Dr. Diehl's limitations were based in part upon Leitner's subjective reports. Tr. 24. The ALJ may reject physician opinions predicated upon reports of a claimant deemed not credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). This analysis is affirmed.

### d.     Reviewing Physicians: Objective Test Results

Leitner also claims that the ALJ erroneously relied upon the 2004 opinions of Disability Determination Services's ("DDS")[2] reviewing physicians because they did not review Leitner's 2006 "objective test results showing significant worsening of her cervical and lumbar impairments." Pl.'s Opening Br. 20. Leitner does not cite these results, but presumably refers to her October 2006 MRI examinations.

Radiologists interpreting Leitner's October 2006 MRI study noted an "L4-L5 annular bulge with no significant central canal or neural foraminal stenosis" and "L5-S1 degenerative disc disease, central disc herniation of the protrusion-type with no neural impingement or central canal stenosis. There is non-operative bilateral neural foraminal stenosis." Tr. 251. Regarding Leitner's cervical MRI, the radiologist's impression notes, "multiple cervical disc herniations . . . the largest at the C5-C6 level but there is no significant central canal stenosis, spinal cord indentation, abnormal

---

[2]DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 404.1503.

10 - OPINION AND ORDER

intramedulary signal or neural foraminal stenosis." Tr. 254.

The ALJ noted these studies in his discussion. Tr. 23. Therefore, Leitner establishes no prejudice in the ALJ's reliance upon the DDS physician opinions which predated these findings. This argument fails.

### e. Reviewing Physicians: Manipulative Restrictions

Leitner also states that the ALJ erroneously rejected a DDS physician's limitations regarding her ability to manipulate her right hand. Leitner asserts, without authority, that the ALJ's restriction from "constant gross manipulation" with her right hand allows use of her right hand up to ninety-nine percent of the time. Leitner consequently asserts that such a finding contradicts the reviewing physician's assessment. Pl.'s Opening Br. 21.

Defendant correctly submits that a restriction from "constant" use of the right hand precludes use of that hand during the specified period. The reviewing physician "limited" Leitner to "frequent" gross manipulation of her right hand. Tr. 161. "Frequent" handling "means occurring from one-third to two-thirds of the time." SSR 83-10 at *6 (available at 1983 WL 31251). The reviewing physician therefore indicated that Leitner could use her hand up to two-thirds of the time. I find that if Leitner is precluded from "constantly" using her right hand she may nonetheless "frequently" use it as indicated by the reviewing physician. This submission therefore fails.

### f. Leitner's Cervical Fusion

Leitner's cervical fusion was performed shortly before her January 2007 hearing. Tr. 276. The ALJ stated, "cervical fusion was performed in December 2006 which can be expected to result in improvement in functioning." Tr. 23. Leitner submits this statement undermines the ALJ's RFC assessment. Pl.'s Opening Br. 21. Leitner states that "no evidence" supports this assertion, but fails

11 - OPINION AND ORDER

to cite any evidence supporting her position. *Id.* Leitner bears the burden of establishing the effects of an impairment at steps one to four of the sequential proceedings. *Tackett*, 180 F.3d at 1098. Leitner has not met this burden and this submission therefore fails.

For all of the reasons above, Leitner fails to show that the ALJ's RFC assessment is not based upon substantial evidence and the appropriate legal standards. The ALJ's RFC assessment is affirmed.

## IV. The ALJ's Step Four Findings

Drawing upon the testimony of a vocational expert ("VE"), the ALJ found that Leitner could perform her past relevant work as a cashier, driver, or flagger. Tr. 19. The ALJ's hypothetical questions to the VE included RFC limitations supported by the medical evidence, discussed above. Tr. 301. In making his findings based upon the VE's testimony, the ALJ did not include additional limitations suggested by Leitner's counsel. The VE stated that a hypothetical individual with Leitner's supported RFC could perform her past relevant work as a flagger, cashier or "driver." Tr. 302. The hearing transcript indicates that the VE's citation to a "driver" position referred to Ms. Leitner's past relevant work as a truck driver. Tr. 301.

Leitner argues that the ALJ's hypothetical questions to the VE failed to reflect all of her limitations. Pl. Opening Br. 22. Leitner does not identify specific omissions. *Id.*

The ALJ is not required to include unsupported limitations in her hypothetical questions to a VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001). For the reasons established above, Leitner fails to show substantive error in the ALJ's RFC assessment. The ALJ appropriately relied upon this RFC and the VE's testimony in his step four finding. *Id.* Leitner therefore fails to show error in the ALJ's questions to the VE.

12 - OPINION AND ORDER

Leitner also alleges that the ALJ's reliance upon the VE's testimony does not comply with SSR 82-62. Pl.'s Opening Br. 22. SSR 82-62 directs the ALJ to consider a claimant's past relevant work. SSR 82-62 at *3 (available at 1982 WL 31386). The ALJ obtains information about a claimant's past relevant work primarily from the claimant. *Id.* The ALJ may also, in some cases, obtain supplementary information from a vocational expert, the *Dictionary of Occupational Titles*, or a claimant's employer. *Id.* Here, the ALJ appropriately questioned Leitner about her past relevant work. Tr. 280-83 The ALJ thus complied with the requirements set out in SSR 82-62.

Finally, Leitner alleges that the ALJ's RFC included an option to sit or stand at will, and that such an option conflicts with the American's with Disabilities Act. Pl.'s Opening Br. 23. The Commissioner correctly states that the ALJ did not assign Leitner an option to sit or stand at will. Def.'s Br. 15 (citing tr. 21). Leitner's submission is therefore entirely without merit.

For these reasons the ALJ's finding that Leitner could perform her past relevant is based upon an adequate RFC assessment and supported by appropriate vocational testimony. This finding is affirmed.

## CONCLUSION

In summary, this court finds the record supports the ALJ's finding that Leitner did not suffer from a disabling condition. The ALJ adequately considered the medical evidence and Leitner's testimony. Leitner additionally fails to show that the ALJ's step four finding, based upon substantiated vocational testimony, was erroneous. The ALJ appropriately found that Leitner could perform her past relevant work and therefore properly found her not disabled.

The Commissioner's decision that Leitner did not suffer from disability and is not entitled to benefits under Title II of the Social Security Act is based upon correct legal standards and

13 - OPINION AND ORDER

supported by substantial evidence. The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

DATED this 3rd day of November, 2008.

_____
Mark D. Clarke
United States Magistrate Judge

14 - OPINION AND ORDER